UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DIVISION
CASE NO .
MAGISTRATE JUDGE

A.D.A. ACCESS TODAY, INC.,  a Pennsylvania
not for profit corporation, and NELSON STERN,
Individually,

        Plaintiff,

vs.

THE LILLIAN GOLDMAN 2002 LLC., a New York
Limited Liability Company,

        Defendant.

_____/

## COMPLAINT

(Injunctive Relief Demanded)

       Plaintiff, A.D.A. ACCESS TODAY, INC., a Pennsylvania not-for-profit corporation, and NELSON STERN, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to herein as "Plaintiff" or Plaintiffs), hereby sues the Defendant, THE LILLIAN GOLDMAN 2002 LLC., a New York Limited Liability Company (sometimes jointly referred to as "Defendant") for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1.     Pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. see also 28 U.S.C. § 2201 and § 2202.

2.     Venue lies in the judicial district of the property situs, in this case, the Defendant has property and is doing business within this judicial district.

### STATUTORY BACKGROUND

3.      On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

4.      Among other things, Congress made findings in 42 .S.C. §12101 (a)(1)-(3), (5) and (9) that included:

   a.       Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b.       historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   c.       discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

   d.       individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

   e.       the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses

resulting from dependency and nonproductivity.

5.   Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4)  that the purpose of the Americans with Disabilities Act was to:

    a.   Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b.   provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    c.   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

5.   Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

6.   Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act.  The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

**THE PARTIES AND STANDING**

8.   Plaintiff, A.D.A. ACCESS TODAY, INC.,  is a non-profit Pennsylvania corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA .  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their

disabilities. A.D.A. ACCESS TODAY, INC., and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of it's members has suffered an injury that would allow it to bring suit in its own right. A.D.A. ACCESS TODAY, INC., has also been discriminated against because of its association with its disabled members and their claims.

9.    Plaintiff, NELSON STERN is a New York resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. NELSON STERN has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The Plaintiff is also a member of the Plaintiff organization, A.D.A. ACCESS TODAY, INC., discussed above in paragraph 8.

10.    The barriers to access at the property have effectively denied or diminished the plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Other barriers to access as described in this complaint cause similar risk of injury, embarrassment or discomfort to the plaintiff .

11.    A.D.A. ACCESS TODAY, INC., and NELSON STERN have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

12.    Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Gramercy Park Hotel and is located at 2 Lexington Avenue, New York, N.Y..

13.   Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

14.   NELSON STERN desires to visit the defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15.   The defendant has discriminated against the individual plaintiffs and members of the corporate plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. Sec. 12182 et seq., and by failing to remove architectural barriers as required by Volume 42 of the United States Code.

### THE INSTANT CLAIM

16.   The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the subject property has shown that violations exist in a number of areas, as described hereafter:

## Entrance Access and Path of Travel

a.   An accessible route is not provided into the hotel lounge for a person using a wheelchair. This is in violation of sections 4.3.2, 4.3.8, and 9.1.1 of the ADAAG.

b.   Steps to upstair outdoor patio deny access for a person using a wheelchair.  This is in violation of sections 4.3.2, 4.3.8, and 9.1.1 of the ADAAG.

c.   The steps to access the lounge area or the outdoor patio do not provide handrails.  This is in violation of section 4.9.4 of the ADAAG.

d.   The doors along the accessible route have hardware that requires twisting of the wrist to operate.  This is in violation of sections 4.1.3(7) and 4.13.9 of the ADAAG.

## Public Accessible Toilet Rooms

a.   There is no signage directing a disabled individual to the location of the nearest public

accessible toilet room nor is there accessible signage by the toilet room entrance door. This is in violation of sections 4.1.6 and 4.30 of the ADAAG.

b.      The doorway entrance into the toilet room is less than 32 in wide with the door open 90 degrees, measured between the face of the door and the opposite stop.  This is in violation of section 4.13.5 of the ADAAG.

c.      The door hardware requires twisting of the wrist to operate.  This is in violation of section 4.13.9 of the ADAAG.

c.      Grab bars are not provided in the toilet rooms. This is in violation of section 4.16.4 of the ADAAG.

f.       A clear space is not provided for the water closet.  This is in violation of section 4.16.2 of the ADAAG.

g.      A clear floor space 30 in by 48 in is not provided in front of the lavatory to allow forward approach.  This is in violation of section 4.19.3 of the ADAAG.

h.      The pipe under the lavatory is exposed. This is in violation of section 4.19.4 of the ADAAG.

i.      The lavatory faucets require twisting of the wrist to operate.  This is in violation of section 4.19.5 of the ADAAG.

j.      The mirrors are mounted more than 40 in to the bottom edge of the reflecting surface. This is in violation of section 4.19.6 of the ADAAG.

k.      The toilet paper dispenser is mounted out of reach.  This is in violation of section 4.16.6 of the ADAAG.

l.      The paper towel dispenser is mounted out of reach.   This is in violation of section 4.27.3 of the ADAAG.

m.      The hook is mounted out of reach for a person using a wheelchair.  This is in violation of section 4.27.3 of the ADAAG.

## Counters

a.      The hotel registration counter is too high.  This is in violation of section 7.2(2) of the ADAAG.  .

## Designated Accessible Sleeping Rooms

a.      The hotel does not provide the appropriate number of accessible sleeping rooms.  This is in violation of sections 9.1.2, 9.1.3, 9.2 and 9.3 of the ADAAG.

6

b.      The hotel does not provide accessible sleeping rooms with roll-in showers.  This is in violation of sections 4.21 and 9.1.2 of the ADAAG.

c.      The door hardware requires tight grasping, pinching and twisting of the wrist to operate. This is in violation of sections 4.13.9 and 9.2.2(3) of the ADAAG.

d.       The controls and operating mechanisms in the sleeping room do not comply.  This is in violation of sections 4.2.5, 4.2.6, 4.27 and 9.2.2 (5) of the ADAAG.

e.      The closet does not provide accessible hardware or an accessible clothing rod and shelf. This is in violation of sections 4.2.5, 4.2.6, 4.25.3, 4.25.4 and 9.2.2(4) of the ADAAG.

f.       The water closet does not provide grab bars.  This is in violation of sections 4.16.4 of the ADAAG.

g.      The lavatory faucets require twisting of the wrist to operate.  This is in violation of section 4.19.5 of the ADAAG.

h.       The bathtub does not provide a seat and shower unit or appropriate grab bars and controls. This is in violation of sections 4.20.3, 4.20.4, 4.20.5 and 4.20.6 of the ADAAG.

17.     The discriminatory violations described in paragraph 16 are not an exclusive list of the defendant's ADA violations. Plaintiffs require the inspection of the defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent  to January 26,1993 as defined in 28 CFR § 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with

disabilities as defined by the ADA.

19.   Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines  for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

20.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to  full and equal enjoyment of the goods, services, facilities, privileges, advantages  and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21.   The individual plaintiff, the members of the plaintiff's group and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff's group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

24.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

25.     Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as  defined by the ADA; or by closing the facility  until such  time as  the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.      The Court issue a  Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.              Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals  with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expense pursuant to 42 U.S.C.

12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305)893-9505 - Fax

By:_____
        Lawrence A. Fuller, Esquire
        New York Bar #LAF5450

Date:_____

**LAW OFFICES OF NELSON STERN**
Co-counsel for A.D.A. ACCESS TODAY, INC.
964-Third Avenue, Fifth Floor
New York, N.Y.  10155
(212) 223-8330
(212) 371-2131

By:_____
        Nelson Stern, Esq.
        New York Bar #NMS8646

Date:_____

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.